## Supreme Court—Special Term—New York County.

### March 15, 1900.

# IN RE THE DISTRICT ATTORNEY'S RELATIONS TO THE GRAND JURY.

The district attorney may appear before the grand jury upon any one of three conditions: (1) When the grand jury requests his advice; (2) When the grand jury requires him to attend and examine witnesses or issue subpœnas; (3) When the district attorney desires to give the grand jury information relative to any matter before them. In the latter case, when the information is imparted to the grand jury, upon their request or direction he must withdraw.

THE grand jury entered the court room.

THE FOREMAN.—Your honor, the grand jury regret to have occasion to report to you this morning that the orderly procedure of its business, under the regulations and law, as the grand jury understands the regulations and the law, has been interfered with.

The grand jury has claimed the right, when such action may seem to it desirable, to examine certain witnesses in its own way, and without the presence of any member of the staff of the district attorney. The district attorney denies that right, and interferes with its exercise. We come to the court for instructions.

THE COURT.—Gentlemen of the grand jury, the question which you propound to the court for its advice is one of great importance, and according to law I will advise you that the district attorney may appear before the grand jury on any one of three conditions.

The first is when the grand jury may request his advice.

The second is when the grand jury may require him to attend to examine witnesses or issue subpœnas.

The third is when the district attorney desires to give to the grand jury information relative to any matter before them. He then must be admitted.

It is upon the latter one of these three conditions that the point of the inquiry rests.

Whenever the district attorney requests admission to the grand jury for the purpose of giving information relative to any matter before them he must be admitted.

You will observe, therefore, that the language of the statute is that he can only be admitted for a particular purpose. His right to admission is not absolute. It is limited, and that limitation is "for the purpose of giving to the grand jury information relative to any matter before them."

When that information is imparted to the grand jury, then, upon their request or direction, he must withdraw.

The language of the law must be taken in its broad and common sense meaning. "The purpose of giving information" must not be used as a pretext by the district attorney to insist upon being present all the time against the will of the grand jury. He can only be admitted to the presence of the grand jury for the purpose of giving them the particular information that he wishes to impart. That right must not be abused by a district attorney. It must be exercised in good faith and for the public interests. And when he gives that information he must leave the grand jury room when requested to do so.

The very provision of law which provides that the grand jury may require the district attorney to examine witnesses carries with it the clear implication that if they do not require him to examine witnesses he has no right to do so. If the law gave to the district attorney the absolute right of examining witnesses, it would have said so, but it leaves that question wholly within the discretion of the grand jury, when it says that, "The grand jury may require the district attorney to examine witnesses," and when they do so he must comply with the requirement, but if they do not require him to examine witnesses, then he has no right to be there to examine witnesses.

The essence of the existence and usefulness of the grand jury is that its members must be free agents, that they must be untrammeled in the performance of their duties and protected by law in the secrecy of their proceedings.

It is true that the district attorney is the legal adviser of the grand jury; but, bear in mind, gentlemen, that he is only an adviser—that he may advise the grand jury, but in no sense has he the right to control or dominate the grand jury, because, if he had such a right, the grand jury would cease to exist as such. It would simply be an annex to the district attorney. The grand jury is not an annex to the district attorney. It is a part of the court. It is selected from the great body of citizens to perform a very important duty, and in order to do so they must be left absolute freedom of action subject only to the rules of law made for their guidance as to which the court has already charged you, in reference to receiving none but legal testimony and to the finding of an indictment impartially and unprejudiced against any person or persons.

The grand jury must not be interfered with by a district attorney or any other person, and a district attorney has no more right before a grand jury, outside of those given to him by the law, than a stranger.

I charge you, gentlemen of the grand jury, on the question that you have presented to the court, after hearing the district attorney's statement, that if you wish to examine a witness yourselves, without the presence or the intervention of the district attorney, it is within your power and your right to do so, and if the district attorney declines to leave (which I can scarcely conceive of any district attorney doing who clearly understands his official duties and obligations), you have the power to compel him to retire.

Upon the question of his giving you information, I repeat that when he sends you a message that he has information to impart relative to a matter before you, you must admit him. You may suspend your further proceedings in that matter until you hear the information which the district attorney may impart to you. But when he has imparted that information it is within your power to direct him to withdraw, and it is his duty to obey your direction. You can then proceed to examine any witness, or any number of witnesses, in your own way as you think the ends of public justice may be served.